Cowen, J,
The bill charges, among other things, that Robert Keneda, the appellant, possessed and claimed a right in about 113 acres of lot No. 94, in Hector, Tompkins county, under a contract by Jacob Radcliff to convey the land ; that such possession and claim of right continued from the year 1816 till 1834 $ that in 1830, in order to -perfect his title, the appellant, fearing that Mr. Radcliff’s might be invalid, received a conveyance of the same land in fee from Eleanor Horton, who claimed to own the whole of lot 94 ; that Eleanor Horton had previously, in 1824, but while Keneda was in adverse possession, conveyed the same land by a deed in fee to George Gardner, one of the respondents; that this deed was, however, invalid, by reason of a fraud practiced by Gardner upon Eleanor Horton, and because of the appellant’s adverse possession at the time. On these grounds, among others, the bill prayed that the deed to Gardner might be vacated.
The allegation of fraud was denied by the answer, and is not supported by the proof. As to the adverse possession, it seems that, in December 1822, Eleanor Horton sued the appellant in ejectment for the same land, who, in February 1824, gave a cognovit. Her deed to Gardner bears date in October of the year 1824, several months after the cognovit was given, though prior to judgment being entered.
Without considering that branch of the defence claimed to arise out of the Radcliff mortgage, and the proceedings with the view to a foreclosure, there is, I think, a .fatal answer to the case sought to be made out by the bill on several grounds.
1. The fraud not being proved, the objection that the deed could not avail by reason of adverse possession, belongs exclusively to a court of law.
2. If not, all ground for averring an adverse possession was removed by the cognovit. Eleanor Horton sued Keneda in ejectment, and, instead of pleading and going to trial, he confessed her title before she conveyed to Gardner. Suppose she had made a mere oral demand of possession from him, asserting her title at the same time, and he had replied admitting that *471 she was entitled to the possession ; no pretence would remain for saying that his possession was any longer adverse within the statute against maintenance. Here he has done more. She claimed title, as he knew or was bound to know, for she had brought ejectment. He deliberately confessed her right to the possession, and the confession was afterwards, as he knew it might he, entered of record. It is a solecism to say that his possession was any longer adverse to her. She conveyed to Gardner after the confession. Here was any thing but selling a law suit. The question was at an end; and she sold a possession which Keneda had virtually agreed in writing she might sell. The statute was meant for his protection. He had a right to renounce such protection. He did so ; and entered into an agreement that the betterments should be appraised and paid for.
3. Again, as remarked by the chancellor, if there was an adverse possession, the grantor was a particeps criminis • and neither she nor her assignee is entitled to relief.
The bill was dismissed by the court of chancery ; and I think correctly. I am for affirming the decree.
All the members of the court who heard the argument concurring in this result, the decree of the chancellor was unanimously AFFIRMED.